UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEVIN JACKSON,
    *Plaintiff*,

v.

MONICA FARINELLA,
    *Defendant*.

No. 3:16-cv-01174 (JAM)

INITIAL REVIEW ORDER

Plaintiff Kevin Jackson is a prisoner of the New Haven Correctional Center, and he has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his mental health counselor was deliberately indifferent to his mental health needs in violation of the Eighth Amendment to the United States Constitution. For the reasons set forth below, the complaint will proceed against defendant Monica Farinella in her individual and official capacities.

BACKGROUND

The following facts are alleged in the complaint and accepted as true only for purposes of this initial ruling. When plaintiff arrived at New Haven Correctional Center on February 11, 2014, he suffered from various mental health conditions, including bipolar disorder, post-traumatic stress disorder, and schizophrenia. He informed the mental health department that he had these disorders and that mental health officials at a prison in Philadelphia, Pennsylvania had diagnosed him as suffering from these conditions; plaintiff then requested medication to stave off symptoms of those conditions. After plaintiff was informed that he would need copies of his prior mental health records before he could be seen by a mental health worker, he signed a medical records release form and provided the street address of the pharmacy that he had used prior to his incarceration.

During plaintiff's first month of confinement, and while waiting for mental health officials to receive plaintiff's prior health records, he suffered from hallucinations. He informed mental health officials about his hallucinations and his need for medication to treat his symptoms.

On May 27, 2014, defendant Mental Health Counselor Monica Farinella met with plaintiff. Plaintiff informed defendant about his hallucinations and that he was experiencing thoughts of suicide. He also gave defendant the names of medications that had been previously prescribed to treat his mental health conditions.

Instead of evaluating plaintiff, defendant accused him of lying about his symptoms and indicated that mental health staff had been unable to secure his previous mental health records or locate the pharmacy that had previously prescribed him medication. Defendant stated that she did not believe him to suffer from mental disorders because he "looked clean" and, with respect to his symptoms, he should go back to his "cell and deal with it like a man." Doc. #1 at 3. Defendant also stated that plaintiff would not be put on any medications no matter what he did, and that nobody would let him see a doctor because the request had to go through her. *Ibid.*

From March 2014 to December 2014, plaintiff's mental health allegedly deteriorated for lack of mental health treatment and medication. His symptoms manifested in hallucinations, depression, and poor behavior, which led to his punitive segregation. In June 2015, mental health officials placed him on suicide watch for three days. In August 2015, a physician examined plaintiff, confirmed his mental health diagnoses, and prescribed medication and therapy to treat him. Despite having received some mental health care, plaintiff asserts that he continues to be denied adequate medical treatment, causing him further injury.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

For relief, plaintiff requests compensatory damages as well as declaratory and injunctive relief. To the extent that he seeks monetary damages from defendant in her official capacity, the claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The Court concludes that plaintiff has stated a plausible Eighth Amendment claim of deliberate indifference to mental health needs against defendant. It is well established that "a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference claim has two requirements. "The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious. The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). In order to meet the subjective requirement, "the charged official [must] act or fail to act *while actually aware* of a substantial risk that serious inmate harm will result." *Ibid.*

Without prejudice to defendant's right to seek dismissal as allowed under the federal rules, I conclude at this initial review stage that the complaint adequately alleges facts that—if true—would give rise to plausible grounds for relief under the Eighth Amendment. Accordingly, plaintiff's claim will proceed at this time against defendant Farinella in her individual capacity and in her official capacity to the extent that plaintiff seeks injunctive and declaratory relief.

## ORDERS

The Court enters the following orders:

(1) The claims against defendant for monetary damages in her official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment claim shall proceed against defendant in her individual capacity and in her official capacity to the extent that plaintiff seeks declaratory and injunctive relief.

(2)     **Within twenty-one (21) days of this Order**, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on defendant in her official capacity by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for defendant and mail a waiver of service of process request packet to her at her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests. If defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     Defendant shall file her response to the complaint, either an answer or motion to dismiss, **within sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to her. If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above. She may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

It is so ordered.

Dated at New Haven, Connecticut this 28th day of November, 2016.

                                 */s/ Jeffrey Alker Meyer*
                                 Jeffrey Alker Meyer
                                 United States District Judge