# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

KEVIN JACKSON,
    *Plaintiff*,

v.                                                No. 3:16-cv-01174 (JAM)

MONICA FARINELLA,
    *Defendant*.

## RULING GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff Kevin Jackson is a prisoner of the State of Connecticut, and he has filed this civil rights action alleging that defendant Monica Farinella was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. The complaint is based on an alleged conversation that plaintiff had with defendant about his mental health needs. Defendant has now filed a motion for summary judgment conclusively showing that she never had this alleged conversation with defendant or interacted at all with plaintiff about his mental health needs. I will grant the motion for summary judgment.

### BACKGROUND

According to plaintiff's verified complaint, plaintiff was imprisoned at New Haven Correctional Center (NHCC) beginning on February 11, 2014, at which time he suffered from numerous mental health conditions. The complaint alleges that on May 27, 2014, he met with defendant to discuss his mental health concerns. Instead of evaluating plaintiff, defendant allegedly accused plaintiff of lying and said that plaintiff would not receive medications or be permitted to see a doctor.

Defendant has now filed a motion for summary judgment with supporting materials denying that she ever met with plaintiff on May 27, 2014. Although defendant is a prison doctor

1

who was assigned to NHCC at the time that plaintiff was there, she points to records reflecting that plaintiff met that day with a different person—Nurse Natalena Block—who is not a defendant in this action. Defendant further attests that she never met with plaintiff about any mental health concerns and was not aware of any concerns he may have had about his mental health care or treatment. Plaintiff has not filed any response or opposition to the summary judgment motion.*

**DISCUSSION**

The principles governing the Court's review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. A court's role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*per curiam*); *Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).

As noted above, plaintiff has not filed any response to defendant's motion for summary judgment. In *Jackson v. Federal Express*, 766 F.3d 189 (2d Cir. 2014), the Second Circuit instructed that "when a party, whether *pro se* or counseled, fails to respond to an opponent's

---

* Rather than file an objection to the motion for summary judgment, plaintiff filed a motion to amend his complaint on July 13, 2017, to add Block as a defendant. Doc. #30. The Court denied this motion in light of the multiple reasons set forth in defendant's objection (Doc. #31), including the fact that any new claim against Block arising from the alleged conversation of May 27, 2014, would be time-barred by the three-year statute of limitations that governs § 1983 claims.

2

motion for summary judgment, a district court may not enter a default judgment," but "must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment." *Id.* at 197. Moreover, because plaintiff has failed to file any local rule statement of facts to controvert those facts that have been set forth in plaintiff's local rule statement of facts, the Court deems as admitted and true the statement of facts as set forth by defendant to the extent that they find support in the record. *See* D. Conn. L. Civ. R. 56(a)(1). I have reviewed the underlying medical records, and they amply corroborate defendant's claim that she did not meet with plaintiff on May 27, 2014.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Vega v. Rell*, 611 F. App'x. 22, 25–26 (2d Cir. 2015) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)) (internal quotation marks omitted). Thus, the Second Circuit in *Vega* affirmed a grant of summary judgment dismissing a prisoner's deliberate-indifference-to-medical-needs claim because the prisoner's account was "undercut" by "uncontroverted medical records." *Id.* at 25. The same holds true here.

In short, there is no genuine issue of fact to suggest that plaintiff met with defendant on May 27, 2014, as he claims in his complaint. Nor is there any genuine issue of fact to suggest that plaintiff ever interacted with defendant about his mental health needs.

## Conclusion

For the foregoing reasons, defendant's motion for summary judgment (Doc. #28) is GRANTED. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 25th day of January 2018.

                                                 /s/ *Jeffrey Alker Meyer*
                                                 Jeffrey Alker Meyer
                                                 United States District Judge